UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ANDREW J. SALES, JR., )
)
        Petitioner, )
)
  v. ) No. 4:06-CV-1005-TCM
)
RICK WALTER, )
)
        Respondent. )

## **OPINION, MEMORANDUM AND ORDER**

      This matter is before the Court upon petitioner Andrew J. Sales, Jr.'s application for a writ of habeas corpus.

### **The petition**

      Petitioner, an inmate at the Tipton Correctional Center, seeks release from confinement pursuant to 28 U.S.C. § 2254. Petitioner alleges that "a detainer from Scott County" recently was lodged against him and is based upon an illegal conviction and sentence.

      Liberally construing the petition, it appears that on or about August 26, 1992, petitioner was present "in the Circuit Court of Scott County, Missouri in *Sales v. Missouri*, Case No. CV391-138CC, for an Evidentiary Hearing for his motion under Rule 29.15." The Scott County Court dismissed the motion without an evidentiary hearing, at which time, petitioner apparently responded in such a manner that "he was cited for contempt." Petitioner states that the Court imposed three consecutive sentences of six months each,

and he complains that he "should have been given an opportunity to defend himself before the contempt finding was imposed," and that he was denied his right to a jury trial.

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

A review of the instant petition indicates that it is time-barred under 28 U.S.C. § 2244(d)(1)[1] and is subject to summary dismissal. Petitioner is challenging a 1992 contempt citation and sentence. Even if petitioner were granted the benefit of the one-year grace period afforded under the Antiterrorism and Effective Death Penalty Act, he nevertheless would be time-barred from litigating the instant petition, given that it was submitted to the Court for filing well after April 24, 1997. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (one-year grace period ends April 24, 1997). Petitioner does not claim that the limitations period should be equitably tolled to allow him to file this petition.

Accordingly,

---

[1]The Court notes that Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitation period to petitions for writs of habeas corpus.

2

**IT IS HEREBY ORDERED** that no order to show cause shall issue as to respondent, because the instant petition is time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that petitioner's petition for a writ of habeas corpus is **DENIED**.

An appropriate order shall accompany this memorandum and order.

Dated this 25th day of July, 2006.

_____
**UNITED STATES DISTRICT JUDGE**